[No. 7597.   Decided October 13, 1908.]

THE STATE OF WASHINGTON, *on the Relation of George E. Boomer, Plaintiff*, v. SAM H. NICHOLS, *as Secretary of State, Respondent*.[1]

ELECTIONS—NOMINATIONS—PRIMARY ELECTIONS — FEES — REASONABLENESS. It is not unreasonable or in excess of legislative power to exact a fee of $60 from a nominee for the office of governor, under the primary election law, based upon a percentage of the annual salary of $6,000, for the privilege of having the candidate's name printed on the official ballot.

Original application filed in the supreme court September 14, 1908, for a writ of mandamus to the secretary of state. Denied.

*Charles A. Riddle*, for relator Boomer. Section 5 of the primary law violates Const. art. 6, § 1. Cooley, Const. Lim. (6th ed.), 753; 18 Cent. Dig. Elections, § 13; *Johnson v. Grand Forks County* (N. D.), 113 N. W. 1071; *Spier v. Baker*, 120 Cal. 370, 52 Pac. 715; *People v. English*, 139 Ill. 622, 29 N. E. 678, 15 L. R. A. 131; *State ex rel. Whitney v. Findlay*, 20 Nev. 198, 19 Pac. 241, 19 Am. St. 346; *Livesley v. Litchfield*, 47 Ore. 248, 83 Pac. 142, 114 Am. St. 920; *State ex rel. Nettleton v. Case*, 39 Wash. 177, 81 Pac. 554, 109 Am. St. 874, 1 L. R. A. (N. S.) 152; *State ex rel. Adair v. Drexel* (Neb.), 105 N. W. 174; *State ex rel. Thompson v. Scott*, 99 Minn. 145, 108 N. W. 828; *Morrow v. Wipf* (S. D.), 115 N. W. 1121; *Ballinger v. McLaughlin* (S. D.), 116 N. W. 70; *People ex rel. Breckton v. Board of Election Com'rs*, 221 Ill. 9, 77 N. E. 321; *Kenneweg v. Allegany County Com'rs*, 102 Md. 119, 62 Atl. 249. The invalid or unconstitutional part of the statute cannot be separated from the rest, leaving remaining a valid statute capable of being executed. Cooley, Const. Lim. (6th ed.), 210; Black, In-

[1]Reported in 97 Pac. 733.

terpretation of Laws, 26; *State ex rel. Latimer v. Henry*, 28 Wash. 38, 68 Pac. 368; *State ex rel. Adair v. Drexel, supra.*

*The Attorney General* and *I. B. Knickerbocker, Assistant,* for respondent.

PER CURIAM.—The relator, being the regular nominee of the socialist party for the office of governor of the state of Washington, tendered his certificate as such to the secretary of state, for filing, in order that his name might be certified for printing upon the official ballot. His application to file was refused, for the reason that he declined to pay the fee required by §§ 5 and 26 of the primary act. This is a proceeding in mandamus, brought to compel the secretary of state to receive and file the certificate of nomination without the payment of the prescribed fee; the contention being that the part of the act requiring the fee to be paid is unconstitutional and void.

In another case we held that the exaction of a reasonable fee, under similar circumstances, was within the powers of the legislature; and, indeed, counsel for relator frankly concedes that the legislature has that power; but he argues that this is an unreasonable exaction, and is void because of its unreasonableness, rather than because of the want of power of the legislature to exact a fee. The amount of the fee required is based on a per centum of the salary of the office for which the person is a candidate, instead of a fixed fee for all candidates alike, and it is this feature that is thought to render the requirement void. But we can see no reason why this is not a reasonable regulation. The fee exacted must be measured by the standard of the individual case, not by what others may be required to pay for running for another and different office. The fee required of the applicant is $60. The salary of the office to which he aspires is $6,000 per annum, and we cannot hold the exaction in excess of legislative power.

The application will be denied.